# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Tiffany Bryant and Lachrisia Jakes, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Lucky2Media, LLC d/b/a GoLookUp ) <br> ) <br> ) <br> Defendant. ) | Case No.: 23cv3770 |

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Lucky2Media, LLC d/b/a GoLookUp ("GoLookUp" or "Defendant"), by and through its attorneys, hereby submits this Notice of Removal to the United States District Court for the Northern District of Illinois, Eastern Division, of the above-styled action, pending as Case No. 2023 CH 04640 in the Chancery Division of the Circuit Court for Cook County, Illinois. In support of this petition and as grounds for removal, Defendant states as follows:

1. On May 11, 2023, Plaintiffs, Tiffany Bryant and Lachrisia Jakes ("Plaintiffs") filed the Class Action Complaint ("Compl.") in the Circuit Court for Cook County, Illinois, Chancery Division. (Compl. attached hereto as part of **Exhibit A**.) The Complaint is the first pleading in the above-styled action that names GoLookUp as a defendant.

2. On May 15, 2023, GoLookUp was served with the summons and the Complaint. (Summons attached hereto as part of **Exhibit A**.) GoLookUp was also served with a Motion for Class Certification. (Motion attached hereto as part of **Exhibit A**.) No other process, pleadings, or orders have been served upon GoLookUp in connection with the above-styled action.

3. The Complaint asserts a cause of action against GoLookUp based on allegations that GoLookUp did not obtain the requisite level of consent from a class of consumers, including Plaintiffs, in violation of the Illinois Right of Publicity Act (IRPA) 765 ILCS § 1075/1 *et seq*. Specifically, the Complaint alleges that Plaintiffs and the putative class suffered injury to their privacy rights and economic damages when GoLookUp allegedly used their identities for commercial purposes without obtaining written consent. (Compl., ¶¶ 58-61.)

4. Title 28 U.S.C. § 1332(d)(2) provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which — (A) any member of a class of plaintiffs is a citizen of a state different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

5. This Court has original jurisdiction in this case under 28 U.S.C. § 1332(d)(2). **First**, this action is a "class action" for purposes of 28 U.S.C. § 1332(d)(2). A "class action" is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). In the Complaint, Plaintiffs seek certification of a class and alleges facts that they claim demonstrate numerosity, commonality and predominance, typicality, adequate representation, and superiority. (*See* Compl., ¶¶ 50-55.)

6. **Second**, there is at least minimal diversity under 28 U.S.C. § 1332(d)(2)(A). Plaintiffs are both citizens of Illinois while GoLookUp is a citizen of Delaware, where it is incorporated and has its principal place of business. (*See* Compl., ¶¶ 7-9.) Moreover, the Plaintiffs allege an Illinois class at issue. (*Id.*, ¶ 49.)

7. **Third**, the matter in controversy exceeds the sum or value of $5,000,000. Initially, the amount in controversy is not readily apparent from Plaintiffs' Complaint. However, "[w]hen removing a suit, the defendant as proponent of federal jurisdiction is entitled to present its own estimate of the stakes[.]" *Back Doctors, Ltd. v. Metropolitan Property & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011). "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Service Corp. Intern.*, 639 F.3d 761, 763 (7th Cir. 2011). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.* (internal citation omitted).

8. Here, Plaintiffs' Complaint arises from allegations that the GoodLookUp website returns search results in the form of "Free Preview[s]" identifying the Plaintiffs and other Illinois residents and that "GoLookUp's purpose behind providing access to some of [these persons'] identifying information as a Free Preview is, in part, to solicit the purchase of paid subscriptions…" (*Id.*, ¶¶ 15-37, *see also id.,* ¶¶ 30, 40.) Plaintiffs claim that these "Free Previews" violate IRPA. (Compl., ¶¶ 28, 37, 38, 47.) They seek statutory damages of $1000 per violation or, alternatively, the sum of "actual damages" and "profits derived from unauthorized use," whichever is greater. (*See id.*, ¶ 60 (citing 765 ILCS § 1075/40.))

9. Plaintiffs assert their claims on behalf of a purported class of "[a]ll current and former Illinois residents who are not subscribers to GoLookUp's platform and whose identity is used to market paid subscriptions for GoLookUp's platform…" (Compl., ¶ 49 and Wherefore Clauses).

10. Data within business records maintained in the ordinary course of its business shows that the GoLookUp website returned search results that may be associated with more than

3

5,000 Illinois residents who are not subscribers to GoLookUp.com. (*See* Santo Decl., attached hereto as **Exhibit B**).

11. GoLookUp disputes the merits of the Plaintiffs' claims, including but not limited to Plaintiffs' allegations of fact and law, disputes that any class could properly be certified in this case, and maintains that Plaintiffs and any other alleged class member is due no financial recovery and could recover no monetary sum for statutory or actual damages. However, "[t]he question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). And, a "removing defendant need not 'confess liability in order to show that the controversy exceeds the threshold.'" *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986, quoting *Brill*, 427 F.3d at 44. Because Plaintiffs seek restitution of the monetary value of individuals' identities on behalf of the class, the "amount in controversy" is the statutory recovery alleged available to Plaintiffs and putative class members, assuming *arguendo* they have any claim at all.

12. **Fourth**, application of 28 U.S.C. § 1332(d)(2) is permitted by 28 U.S.C. § 1332(d)(5) because GoLookUp is not a governmental entity and because Plaintiffs seek to represent a class that would include more than 5,000 individuals. Specifically, Plaintiffs seek to represent a class of "[a]ll current and former Illinois residents who are not subscribers to GoLookUp's platform and whose identity is used to market paid subscriptions for GoLookUp's platform." (Compl., ¶ 49.)

13. Title 28 U.S.C. § 1441 states: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

14. Title 28 U.S.C. § 1446 provides the procedure for such removal, stating in relevant part: "defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). Such notice "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C § 1446(b).

15. This notice meets the criteria for removal under 28 U.S.C. §§ 1441 and 1446: it contains a short and plain statement of the grounds for removal, and it is timely because GoLookUp did not receive a copy of the pleading setting forth Plaintiffs' claim until it was served on May 15, 2023. (*See* Exhibit B.)

16. Finally, venue is proper. Title 28 U.S.C. § 1441(a) states that a civil action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the Northern District of Illinois, Eastern Division, is the "district and division embracing" Cook County. 28 U.S.C. § 93(a)(1). Therefore, venue properly lies in this Court.

**WHEREFORE**, for the foregoing reasons, Defendant, Lucky2Media, LLC d/b/a GoLookUp petitions that the above-entitled action be removed and transferred from the Chancery Division of the Circuit Court for Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

                          Respectfully Submitted,

By: /s/ Erin A. Walsh
       One of the Attorneys for Defendant Lucky2Media, LLC d/b/a GoLookUp

Molly A. Arranz, #6281122
Erin A. Walsh, #6291003
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
(312) 894-3200 - Phone
(312) 894-3210 - Fax
marranz@amundsendavislaw.com
ewalsh@amundsendavislaw.com

**PROOF OF SERVICE**

      The undersigned certifies that a copy of the foregoing instrument was served upon the Clerk of the Court and all counsel of record via electronic filing on June 14, 2023.

/s/ Erin A. Walsh